The opinion of the court was delivered by
DeBlano, J.
On the 28th of January 1876, Larkin Jamar — a resident of the parish of Richland — appeared before the deputy recorder of *1295 the parish of Ouachita, and acknowledged that he was indebted unto Henry Gerson .junior, a resident of the last mentioned parish, in the sum of twelve hundred dollars, to represent which he (Jamar) delivered to the said Gerson, his promissory note payable in twelve months from Its.date, and secured its payment by a conventional mortgage.
On the 6th of December 1876, Gerson brought suit against Jamar for the balance due on said note and for the price of plantation supplies furnished and advanced to’him. He also — at that date — obtained orders of attachment and sequestration against the property of his debtor, on grounds which — now—it is useless to notice.
Under two writs issued on those orders and directed to the sheriff of the parish of Richland, that officer attached — as belonging to Larkin Jamar, four mules, one mare, five cows and calves, one wagon and one bed, valued at five hundred and fifty dollars.
Joseph E. Jamar intervened in the suit pending between Gerson and Larkin Jamar, avers that — on the 16th of October 1876, he purchased — from the latter — the property so attached, and claims against O. H. Moore — the sheriff — and Gerson, the seizing creditor, actual and vindictive damages on account of said attachment, which — he alleges— was illegal, wanton and malicious. That intervention was' directed to and served on only the plaintiff in execution and the sheriff.
On the trial, to prove his asserted title, the intervenor tendered in evidence an act of sale from Larkin Jamar to him. That evidence was objected to by plaintiff’s counsel, on the grounds that defendant had not been cited to answer the intervention, had not answered it and that no default was entered against him. The objection was sustained and the evidence excluded. To the ruling of the court on this point-, the Intervenor excepted.
Plaintiffs counsel maintains that the intervenor’s action should have been directed against both, the plaintiff and the defendant. Were the intervenor claiming title to property in contest between the parties to the suit, the counsel’s argument would be unanswerable; but he is attempting to arrest the execution of a writ of attachment levied on property not claimed by, and — nevertheless—attached as belonging to ■defendant, and so attached in intervenor’s possession.
If not a third opposition, the intervenor’s demand is the twin sister ■of such a proceeding, and the Code of Practice specially provides that ■“if the opposition has for its object to set aside the order of seizure, as having been effected on property not belonging to the party against whom the order was directed, but owned on the contrary by the third person making the opposition, it must be done by means of a petition, which — together with a citation — must be served on the party making the seizure” etc. C. P. 396, No. 1, 398.
*1296 In a proceeding by intervention, one may join the plaintiff or defendant, or he may oppose both, and — assured^—either, as the nature of his right and interest may require; and his intervention must be served on whom ? The party against whom it is directed, and that party must and can be but one who disputes the existence of the right he claims.
C. P. 389, 393.
What is the effect of an attachment? It divests the owner’s possession and vests it in the sheriff, who -holds for the benefit of the attaching creditor, and it seems evident that the intervention should be directed against alone those who so hold the property claimed in and by the intervention, and for whose benefit it is held. In such a case as this one, what could the court allow against, and what could the intervenor ask of a defendant from whom he acquired his alleged title to, and his possession of the attached property ?
The fact that the petition of intervention was not served on the defendant, and that he was not cited to answer it, neither did nor could deprive the plaintiff of any right, remedy or advantage which- — otherwise — he could have exercised. It, in no way, prevented him from proving whether — as he charges — the sale from Larkin Jamar to his son is a simulation, and that formality — if pursued — would have been as useless to plaintiff as to the intervenor. In a proceeding of this description,- the only parties who must be cited and made defendants, are those by whom the intervenor has been divested of what he considers to be a legitimate possession.
The court erred in excluding the evidence tendered to sustain the intervention, but did not err in dismissing the intervenor’s claim for damages against Gerson and the sheriff. An intervention is a separate, independent demand, limited to the prosecution of a party’s interest in a suit pending between other persons, and as to some matter involved in said suit: as a necessity, it must be instituted wherever the principal action is brought, and — except in a case of trespass on real estate — a claim for damages can not be grafted on an intervention, against one who does not reside in the parish where the principal action is pending.
Gerson is a resident of the parish of Ouachita, and — if he has incurred'any liability towards the intervenor, there and not in Richland the latter must sue to enforce the presumed liability. As to the sheriff, he was not a party in the original case, and could have been cited in this but as the executive officer of the court under whose orders he acted, and the well-established rule is that the intervenor must enter and take the case as he finds it. He could not, in this proceeding which is not one of final process, properly have coupled with his demand for the recognition of his title to personal property, a demand for damages against the sheriff. In so doing, he added two suits against different *1297 .parties in and to the suit which was already progressing between plaintiff and defendant. If allowed, such a practice would be attended with .the most inextricable confusion.
It is, therefore, ordered, adjudged and decreed that — so far only as it dismisses the intervention of Joseph E. Jamar, and commands the «ale of the property which he claims, the judgment appealed from is annulled, avoided and reversed at the costs of Henry Gerson junior; ■and that — as concerns this branch of the litigation, this case be remanded to the lower court to be proceeded with according to the views herein expressed and according to law.